UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PERRY STELLY                                          CIVIL ACTION NO. 17-cv-1178

VERSUS                                                JUDGE DOUGHTY

BAKER HUGHES OILFIELD OPERATIONS,    MAGISTRATE JUDGE HORNSBY
LLC, ET AL

**MEMORANDUM ORDER**

Perry Stelly was injured at work when he slipped and fell while offloading acid from his truck into a frac tank. Stelly filed suit in state court against Comstock Oil & Gas-Louisiana, LLC and Baker Hughes Oilfield Operations, LLC. The two defendants removed the case based on an assertion of diversity jurisdiction. The citizenship of the parties has been an issue throughout the proceedings. As explained below, still more information is needed to ensure subject matter jurisdiction.

The notice of removal alleged that Mr. Stelly is a citizen of Louisiana. The complete diversity rule requires that all persons on one side of the controversy be citizens of different states than all persons on the other side. McLaughlin v. Mississippi Power Co., 376 F.3d 344, 353 (5th Cir. 2004). Accordingly, no defendant may share Mr. Stelly's Louisiana citizenship.

As for the Comstock LLC, the citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). The notice alleges that Comstock LLC has a single member, a corporation. A corporation is

deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The corporate member is alleged to be incorporated in Nevada with its principal place of business in Texas. Thus, Comstock is a citizen of Nevada and Texas.

The notice of removal described Baker Hughes as an LLC with six members, four of which were corporations and two of which were LLCs. The court issued an order (Doc. 9) that explained the rules for alleging the citizenship of an LLC, which require allegations of citizenship with respect to each member of the LLC. The notice of removal provided only the state of organization and principal place of business for two LLC-members of Baker Hughes, so the allegations were inadequate. Baker Hughes filed an amended notice of removal (Doc. 12) that provided the necessary citizenship information about its members. It was established that Baker Hughes is a citizen of Delaware, Ohio, New York, Massachusetts, and Connecticut.

The next jurisdictional event was a complaint in intervention filed by Mr. Stelly's employer, B&J Ortego Enterprises, Inc. and its workers' compensation insurer, LCTA Insurance Company. Doc. 21. Those entities properly alleged their Louisiana citizenship under the applicable rules and intervened to seek reimbursement of benefits they paid Mr. Stelly in connection with the accident. Such intervenors are aligned as plaintiffs, so their Louisiana citizenship did not destroy diversity. Dushane v. Gallagher Kaiser Corp., 2005 WL 1959151 (W.D. La. 2005).

Mr. Stelly later requested leave to add a new defendant, L&B Transport, LLC. It was assumed that this proposed defendant would share Mr. Stelly's Louisiana citizenship.

The court considered the relevant factors and denied leave to amend pursuant to the Hensgens factors. Granting leave would have destroyed diversity and required remand. Doc. 36.

Plaintiff next sought leave to add new defendants Chaps Oilfield Services, LLC and Davis Chemical Services, LLC. Plaintiff admitted that he did not know the citizenship of the members of the LLCs, but he thought that diversity would not be impaired because Chaps is an Oklahoma company and Davis is a Texas Company. No party opposed the proposed amendment. The court conditionally granted leave to amend and add those new defendants but directed the parties to file in the record specific citizenship information for the new defendants. The court noted that if either defendant would destroy diversity the court would have to assess under Hensgens whether the conditional grant of leave to amend should be withdrawn. Doc. 37.

The parties did not follow up on the court's instruction to provide detailed citizenship information for Chaps and Davis, so the court issued a second order on the matter and directed that the information be filed. Doc. 61. Counsel for Chaps and Davis then provided citizenship information to counsel for Mr. Stelly, who filed a Statement Regarding Citizenship of Parties (Doc. 63).

The statement clarifies that Chaps has two members, both of whom are individuals who are citizens of Oklahoma. Thus, Chaps is a citizen of Oklahoma and does not destroy diversity of citizenship.

The information provided by Davis is more complicated. Despite its detail, it does not contain all information needed to determine the citizenship of Davis. Two of the four

members of Davis are individuals who are domiciled in Texas. The other two members are OFC Davis, LLC and OFC Davis II, LLC. Each of those LLCs is alleged to have four members, and it appears that those members are identical in each entity.

One of the members of each OFC Davis entity is OFS Davis Blocker, Inc., a Delaware corporation with its principal place of business in Texas. That allegation is sufficient.

The other three members of the OFC Davis entities are Delaware limited partnerships. The citizenship of a partnership (limited or general) is based on that of each of its partners. Whalen v. Carter, 954 F.2d 1087, 1095 (5th Cir. 1994). Each of the Delaware limited partnerships is said to have a sole member: "OFS Energy Fund II GP, LLC, a Delaware limited liability *corporation* with its principal place of business in the State of Texas." (Emphasis added.) That description is problematic.

The letters "LLC" at the end of OFS Energy Fund II GP, LLC's name suggest that it is not a corporation; it is probably a limited liability company.[1] As noted above, the citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey, 542 F.3d at 1080. "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement

---

[1] The name of a Delaware LLC "[s]hall contain the words 'Limited Liability Company' or the abbreviation 'L.L.C.' or the designation 'LLC'." Del. Code Ann. tit. 6, § 18-102 (West). The name of a Delaware corporation must contain one of the words "association," "company," "corporation," "club," "foundation," "fund," "incorporated," "institute," "society," "union," "syndicate," or "limited," (or abbreviations thereof). Del. Code Ann. tit. 8, § 102 (West).

Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

Counsel for Davis is directed to file by **January 28, 2019** a response to this order titled **Statement Regarding Citizenship of Davis Chemical Services, LLC**. The statement should contain the information already provided plus the additional necessary information about OFS Energy Fund II GP, LLC. If Davis contends that that entity is a corporation rather than a limited liability company, counsel should explain the inclusion of "LLC" in its name and cite legal authority for including those letters in the name of a corporation formed under Delaware law. If the entity is a limited liability company, the document will need to set forth the members of the LLC and their citizenship in accordance with the rules set forth above. If Davis has any Louisiana citizenship, a Hensgens briefing and assessment will be necessary.

The court does not enjoy spending time on these matters any more than counsel, but it is mandatory that the citizenship of all parties be established with specificity in accordance with the applicable rules to ensure that the court has subject matter jurisdiction. The information must be alleged with specificity even when the structure of the entities is complex, as was recently emphasized in Settlement Funding, where four years of litigation

in federal court were wasted because the parties did not properly plead citizenship in the district court.

      THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of January, 2019.

                                        Mark L. Hornsby
                                        U.S. Magistrate Judge